**Jeffrey PASLEY, Appellant,**

v.

**Venita PASLEY, Appellee.**

**No. 2009–CA–001857–ME.**

Court of Appeals of Kentucky.

Dec. 29, 2010.

---

Kanichole Compton, Louisville, KY, for appellant.

No brief for appellee.

Before LAMBERT and MOORE, Judges; ISAAC,[1] Senior Judge.

## OPINION

LAMBERT, Judge:

Jeffrey Pasley appeals from the Jefferson Family Court's September 3, 2009, domestic violence order (DVO). Because the DVO was entered in error, we reverse.

We initially note that the appellee, Venita Pasley (Ms. Pasley), has not submitted a brief to this Court. Under Kentucky Rules of Civil Procedure (CR) 76.12(8)(c), we may (i) accept Mr. Pasley's statement of the facts and issues as correct; (ii)

reverse the judgment if Mr. Pasley's brief reasonably appears to sustain such action; or (iii) regard Ms. Pasley's failure as a confession of error and reverse the judgment without considering the merits of the issue. Because the record supports Mr. Pasley's arguments as set forth below, we reverse.

This case came before the Jefferson Family Court for a domestic violence hearing (DVO hearing) on September 2, 2009, following the filing of a petition for an emergency protective order (EPO) by Ms. Pasley against her ex-husband, Jeffrey Pasley. Ms. Pasley's petition for an EPO, which was read into the record, states as follows:

> We were married for 11 yrs. We have been divorced since May 2009. We have 2 children in common, 10 and 6. On August 20, 2009, he came to see the children. I told him that today was not his visitation day. He told me he was going to see his children. He also showed up at our son's school. On August 14, 2009, I came home, and the back window of my house had been opened, I found a tool in my flowerbed. I do not know if it was him, but I think it was. I am unsure what he will do. I am afraid of him. I want him to stay away.

Ms. and Mr. Pasley were the only witnesses to testify at the hearing. A review of the record indicates that Mr. Pasley was not permitted to cross-examine Ms. Pasley or to make any remarks other than to answer the questions posed by the Judge during the hearing. When Mr. Pasley attempted to clarify statements regarding what the court was ordering regarding his divorce and parenting time, he was cut off and told by the Judge, "When you misbehave, bad things happen."

---

1. Senior Judge Sheila R. Isaac sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

After the hearing, the DVO was entered. Mr. Pasley now appeals the court's entry of the DVO.

When reviewing the entry of a DVO, our standard of review is whether the trial court abused its discretion. "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *McKinney v. McKinney*, 257 S.W.3d 130, 133 (Ky.App.2008). A reviewing court may not substitute its findings of fact for the trial court's unless they are clearly erroneous. *Bennett v. Horton*, 592 S.W.2d 460 (Ky.1979). A factual finding is not clearly erroneous if it is supported by substantial evidence. " 'Substantial evidence' is evidence of substance and relevant consequence sufficient to induce conviction in the minds of reasonable people." *Sherfey v. Sherfey*, 74 S.W.3d 777, 782 (Ky.App.2002). Furthermore, CR 52.01 instructs: "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses."

■ In order to issue a DVO, the trial court must first conduct a hearing and find "from a preponderance of the evidence that an act or acts of domestic violence and abuse have occurred and may again occur." KRS 403.750(1). The preponderance of the evidence standard is met when sufficient evidence establishes that the alleged victim "was more likely than not to have been a victim of domestic violence." *Commonwealth v. Anderson*, 934 S.W.2d 276, 278 (Ky.1996). Domestic violence and abuse is defined as "physical injury, serious physical injury, sexual abuse, assault, or the infliction of fear of imminent physical injury, serious physical injury, sexual abuse, or assault between family members or members of an unmarried couple." KRS 403.720.

■ In the instant case, the record reflects that the trial court abused its discretion by entering the DVO. Specifically, we note that there were *no* allegations of physical abuse or physical injury, nor were there any allegations of threats of physical abuse in Ms. Pasley's petition for an emergency protective order. The only allegation in the petition of any perceived threat was Ms. Pasley's unsupported statement that she was unsure what Mr. Pasley would do and was afraid of him. A review of the videotaped hearing further indicates that Ms. Pasley did not orally make any allegations of any physical injuries or abuse, nor did she allege that she had fear of imminent physical injury. In fact, the record is devoid of any indications that there was ever any domestic violence between Mr. Pasley and Ms. Pasley.

To the contrary, Ms. Pasley's only allegations involved Mr. Pasley's seeing his children at school and being at her home on an unscheduled day. The trial court intimated that Mr. Pasley's intention was to "stare" at his children or to somehow threaten or intimidate them, but Ms. Pasley presented no proof to the trial court that this was Mr. Pasley's intent, and it is unclear on what the trial court based this finding. Furthermore, as Mr. Pasley pointed out at the hearing, the parties shared joint custody and there were no orders restricting him from being at his children's school. While he was not supposed to have visitation with the children on the day in question, there is nothing to indicate that he threatened Ms. Pasley physically or that she had any fear of imminent harm which would justify the entry of the DVO.

Finally, no proof was offered that Mr. Pasley was the person who broke into Ms. Pasley's home. Ms. Pasley stated that her alarm company told her that someone who wasn't familiar with the house would not

have known where the dryer vent was, but this conflicted with her testimony that the perpetrator kicked in a laundry room window. Mr. Pasley testified that he was in Denver, Colorado, at the time of the break-in and, furthermore, that he still owned the house that was vandalized. His testimony was that he would not vandalize a property that potentially could be his property at the conclusion of the divorce proceedings. We do not find Ms. Pasley's allegation that Mr. Pasley vandalized her house to be supported by the evidence in the record.

Despite there being no allegations of physical injury or even physical contact, the trial court entered the DVO. We find this to be an abuse of the wide discretion afforded to trial courts in weighing the evidence in DVO hearings. We simply cannot say that the record supports the court's finding by a preponderance of the evidence that Ms. Pasley more likely than not was the victim of domestic violence, or that there was a likelihood that violence would again occur. Accordingly, the trial court erred in entering the DVO and abused its discretion.

Based on the foregoing, this case is reversed and remanded to the Jefferson Family Court to vacate its September 3, 2009, domestic violence order.

ALL CONCUR.